claims relied on in No. 3566 are 1, 2, 3, and 4 of patent No. 1,287,576, in No. 3567 1 to 8 of patent No. 1,303,542, and in No. 3568 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 17, and 18 of patent No. 1,303,543, all issued to the appellant as assignee of Herman De Vry. The court below dismissed all the bills for want of equity.

The patents relate to motion picture projectors, and have for their object the production of a kind of projector known as the suit case, or self-contained, type. Appellant contends that "the patents in suit are for the first successfully self-contained, or suit case, portable projector." All of the elements of the claims are old. The invention is said to reside in the combination of these elements. The insistence is that De Vry was the first person to successfully put these elements into a practicable portable container. Each element functions in the container just as it does when not in a container. The bringing together of these elements and arranging them so that they are ready, while in the container, to perform their old and well-known functions, is not invention. It is mere aggregation.

The decree is affirmed.

No. 988,561, to Hunt, Helm & Ferris, assignees, 1911, for an animal stall.

With the views of the District Court upon the claims in issue (296 F. 921) we are quite in accord. As to claim 1, we find that in appellees' structure there is wholly wanting the forward and backward adjustability of the frame which holds the stanchion, an essential element of the claim. Appellees' alleged infringing adjustability consists in means for widening or narrowing the distances between the frames of several stalls, which in that structure can be done only at time of installation, after which the adjustment thus made remains permanent.

As to claim 4 we agree with the District Court in its holding that, if it were construed as broadly as its language alone would admit, it would be void upon the prior art, but that, if it has validity, it is only when read in the light of the limitations of the specification, as well as the prior art, and that when so limited the claim is not infringed.

The decree of the District Court is affirmed.

---

**HUNT, HELM, FERRIS & CO. v. ELBERT et al.**

(Circuit Court of Appeals, Seventh Circuit. December 8, 1925.)

No. 3320.

Patents ⊜═328—988,561, claims 1 and 4, for animal stall, not infringed.

No. 988,561, claims 1 and 4, for animal stall, *held* not infringed.

Appeal from the District Court of the United States for the Western District of Wisconsin.

Patent infringement suit by Hunt, Helm, Ferris & Co., against George A. Elbert and another. From a decree dismissing bill (296 F. 921), plaintiff appeals. Affirmed.

Russell Wiles, of Chicago, Ill., for appellant.

Lewis T. Greist, of Chicago, Ill., for appellees.

Before ALSCHULER, EVANS, and ANDERSON, Circuit Judges.

ALSCHULER, Circuit Judge. The appeal is from decree finding noninfringement of claims 1 and 4 of United States patent

**In re ULROP–HUFF CO., Inc.**

(District Court, W. D. New York. January 9, 1925.)

No. 9056.

1. Chattel mortgages ⊜═6—"Chattel mortgage" defined.

A mortgage on personal property is a conditional sale of chattels, by which legal title thereto is transferred to the mortgagee, to be defeated only by complete performance of the condition; it being sufficient that parties intended a sale of the chattels as security.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Chattel Mortgage.]

2. Fraudulent conveyances ⊜═139—Sale reinvesting seller with title to goods remaining in buyer's possession prima facie fraudulent as against creditors.

Assuming that arrangement whereby title to goods previously delivered to buyer and to remain in his possession was to vest in the seller until goods were paid for was equivalent to a bill of sale, and reinvested seller with title, such a sale would be prima facie fraudulent as against creditors under the common law.

3. Chattel mortgages ⊜═6, 196—Transaction whereby seller reinvested with title to goods held a chattel mortgage; mortgage held void as against creditors.

Where, after goods were delivered to buyer, it was arranged that seller was to be reinvested with title to goods until fully paid, possession